# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>CAROL MARLENE FREEL,<br><br>Debtor. | Bankruptcy Case No. 20-10417 TBM<br>Chapter 7 |

## ORDER DENYING APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS

This matter comes before the Court on the "Application for Payment of Unclaimed Funds" (Docket No. 57) and the "Supplemental Documentation" (Docket No. 58) (together, the "Application") filed by Danna Lynn Edwards ("Edwards"). Through the Application, Edwards requests that the Court authorize payment of certain unclaimed funds to her.

The Court currently has $12,740.76 in funds (the "Unclaimed Funds") paid into the registry of the Court in this bankruptcy case by the Chapter 7 Trustee as a surplus disbursement for the benefit of the Debtor, Carol Marlene Freel (the "Debtor"). (Docket No. 55.) The Unclaimed Funds were paid into the Court's registry pursuant to 28 U.S.C. § 2041. Withdrawal of such Unclaimed Funds is governed by 28 U.S.C. § 2042, which states:

> No money deposited under section 2041 of this title shall be withdrawn except by order of court.
>
> In every case in which the right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and full proof of the right thereto, obtain an order directing payment to him.

The core substantive requirement of 28 U.S.C. § 2042 is that the claimant provide "full proof" that the claimant is "entitled to any such money."

In the Application, Edwards asserted:

> My name is Danna Edwards and I am the daughter of Carol Marlene Freel.  My mother passed away on March 10, 2021.  I was her primary caregiver as well as her POA and MDPOA.  I assisted her in filing for bankruptcy in 2020.
>
> After her passing, I received a check in the amount of $12,740.76 made payable to my mother . . . .  My mother did not have a will due to the fact that she had no assets.  She asked me to take care of any of her final expenses and split any money left over with my sister.  I respectfully request that the unclaimed funds be sent to me to share with my sister as we are her only heirs.

In support of the foregoing statements, Edwards attached a "Certificate of Death" showing that the Debtor died on March 10, 2021.  Furthermore, Edwards submitted a "Colorado General Power of Attorney Form" (the "POA") executed by the Debtor and Edwards on December 5, 2019.  Under the POA, the Debtor named Edwards as her "attorney-in-fact" with power to make "all financial decision[s]."  Apparently based upon the POA, in the Application, Edwards checked a box asserting that she "is a representative of the deceased Claimant's estate."

The Court sympathizes with Edwards, especially given that her mother has recently died.  However, the Court must deny the Application because Edwards has not presented "full proof" that she is "entitled to" the Unclaimed Funds (which entitlement typically is a matter of State law).  Edwards apparently relies on the POA as giving her a basis for collecting the Unclaimed Funds.  However, under the Colorado Uniform Power of Attorney Act (which governs the POA):  "A power of attorney terminates when . . . the principal dies."  COLO. REV. STAT. § 15-14-710(1)(a).  That makes sense, since the entire purpose of a power of attorney is for the principal (sometimes referred to as the "attorney-in-fact") to assist in making certain medical, financial, and other decisions on behalf of the principal while the principal is still alive (usually because the principal is incapacitated in some way).  However, since the Debtor has died, the POA terminated and does not provide Edwards with a legal basis to act for the Debtor or receive the Unclaimed Funds.

In the Application, Edwards checked a box asserting that she "is a representative of the deceased Claimant's estate."  However, except for the terminated POA, Edwards has not provided any evidence proving that she is "is a representative of the deceased Claimant's estate."  In order to demonstrate her right to receive the Unclaimed Funds, Edwards (or any other heir of the Debtor) must prove capacity as a "personal representative" or "special administrator" of the Debtor's probate estate or some other entitlement to the Debtor's assets under Colorado probate law.  COLO. REV. STAT. § 15-10-101 *et seq*.  According to the Application, the Debtor died without a will.  So, in probate vernacular, the Debtor dies "intestate."  The Colorado Probate Code contains a comprehensive set of provisions governing intestate succession.  COLO. REV. STAT. § 15-11-101 *et seq*.  The Court observes that the Colorado Probate Code is complex.  Accordingly, the Court recommends that Edwards secure competent legal counsel to assist in determining whether she may recover some or all of the Unclaimed Funds

under Colorado probate law.  If there is a legal basis for such recovery, Edwards may submit a new Application along with "full proof" that she is "entitled to" the Unclaimed Funds.

    Accordingly, the Court:

    FINDS that Edwards did not prove that she is personally entitled to the Unclaimed Funds; and

    ORDERS that the Application is DENIED, without prejudice.

    DATED this 28th day of June, 2021.

    BY THE COURT:

*[signature: Thomas B. McNamara]*

Thomas B. McNamara,
United States Bankruptcy Judge