**UNITED STATE BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B McNamara



In re:

Carol Marlene Freel,    Bankruptcy Case No. 20-10417 TBM

Debtor.

---

### NON-EVIDENTIARY HEARING ON APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS

---

It is Grace Recovery's intentions to recover unclaimed funds deposited under the debtor, Carol Marlene Freel.

Grace Recovery Center has the Limited Power of Attorney, to act on behalf of Danna Edwards, one of the deceased children.

The Limited Power of Attorney has given me the authority to file an application of unclaimed funds and the authority to carry out and perform the specific authorities granted therein. Collect the unclaimed funds on behalf of Danna Edwards, one of the deceased children.

Danna Edwards has a Small Estate Affidavit for collection of Property that does not exceed the monetary limit of $70,000 imposed by the State of Colorado. The heirs of Carol Marlene Freel are therefore stated and entitlement to unclaimed funds.

Mrs. Edwards has given notice to her siblings of the unclaimed funds due from the Bankruptcy Court in Colorado.

Grace Recovery Center is obtaining a Limited Power of Attorney from the other siblings. Once all of them are received, it would submit it to the courts.

It is Grace Recovery's Center's intention to collect it's fees set forth in the Assignment of interest and the remaining balance to go to it's rightful heirs.

Should Grace Recovery Center need further evidence as a funds locator in claiming the unclaimed funds, I humbly request that the court requests desired documentation as to satisfy the court's obligation to it's rightful heirs.

11 U.S. Code § 347 - Unclaimed property

(a) Ninety days after the final distribution under section 726, 1194, 1226, or 1326 of this title in a case under chapter 7, subchapter V of chapter 11, 12, or 13 [1] of this title, as the case may be, the trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28.

(b) Any security, money, or other property remaining unclaimed at the expiration of the time allowed in a case under chapter 9, 11, or 12 of this title for the presentation of a security or the performance of any other act as a condition to participation in the distribution under any plan confirmed under section 943(b), 1129, 1173, 1191, or 1225 of this title, as the case may be, becomes the property of the debtor or of the entity acquiring the assets of the debtor under the plan, as the case may be.

(Pub. L. 95–598, Nov. 6, 1978, 92 Stat. 2568; Pub. L. 99–554, title II, § 257(h), Oct. 27, 1986, 100 Stat. 3114; Pub. L. 116–54, § 4(a)(5), Aug. 23, 2019, 133 Stat. 1086; Pub. L. 116–136, div. A, title I, § 1113(a)(4)(B), Mar. 27, 2020, 134 Stat. 311.)

Dated this 28th day of September, 2021

_____
By Rosa Petritz,

Grace Recovery Center, LLC