**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

In re:

CAROL MARLENE FREEL,

Debtor.

Bankruptcy Case No. 20-10417 TBM
Chapter 7

**ORDER DENYING APPLICATION FOR PAYMENT OF UNCLAIMED FUNDS**
**AND VACATING NON-EVIDENTIARY HEARING**

On August 26, 2021, Grace Recovery Center, LLC ("Grace Recovery") filed an "Application for Payment of Unclaimed Funds" (Docket No. 62) along with certain "Supplemental Documentation" (Docket No. 63) (together, the "Application"), in which Grace Recovery requested that the Court authorize payment of certain unclaimed funds to it. The Application was submitted by Grace Recovery's Managing Member, Rosa Petriz.

After reviewing the Application, the Court issued an "Order Directing Legal Briefing and Setting Non-Evidentiary Hearing on Application for Payment of Unclaimed Funds" (Docket No. 64, the "Order"). In the Order, the Court directed Grace Recovery to file a Legal Brief on or before September 30, 2021, in support of the Application. In the Order, the Court stated:

> In the Legal Brief, Grace Recovery must explain the basis for its legal entitlement to recover the Unclaimed Funds and provide legal support for the Application, including citation to relevant and governing federal and/or state statutes as well as case law support. Additionally, Grace Recovery must clarify whether it is seeking to recover all of the Unclaimed Funds, or just the one-third portion allegedly attributable to Edwards as an heir. If Grace Recovery seeks recovery of all the Unclaimed Funds, it must explain why it is legally entitled to recover all of the Unclaimed Funds and provide legal support for such position including citation to relevant and governing federal and/or state statutes as well as case law support. Furthermore, if Grace Recovery seeks recovery of all the Unclaimed Funds, it must address whether full and complete notice of its attempt to recover all of the Unclaimed Funds has been provided, or must be provided, to all of the Debtor's heirs, as well as how and/or why the other heirs' legal rights should be extinguished by virtue of releasing all the Unclaimed Funds to Grace Recovery.

The Court further set the matter for a non-evidentiary hearing to commence on Tuesday, October 5, 2021, at 10:30 a.m.

In the Order, the Court noted that under L.B.R. 9010-1(e), Grace Recovery, a limited liability company, was required to be represented by legal counsel in any proceeding before the Court. The Court noted that Ms. Petriz is not an attorney licensed to practice in this Court.

On September 30, 2021, Ms. Petriz, on behalf of Grace Recovery, filed a document entitled "Non-Evidentiary Hearing on Application for Payment of Unclaimed Funds" (Docket No. 67, the "Brief"). In filing the Brief, Ms. Petriz ignored the Court's Local Rule requiring a limited liability company to be represented by counsel. As such, the Brief should be stricken. But even if the Court were to allow Ms. Petriz to file the Brief, the Court finds that the Brief is unresponsive to the Court's Order in that it does not directly address all of the topics raised in the Order. In particular, rather than addressing the current basis for its legal entitlement to the unclaimed funds, Grace Recovery suggests that it will, at some point in the future, try to obtain limited powers of attorney from two of the Debtor's children, who, it seems have not yet authorized Grace Recovery to act on their behalf. And, while Grace Recovery does not seem to rely on an assignment of rights as a basis for any legal entitlement, it does seem to suggest that it will be entitled to collect a fee for its services, which right exists only if Grace Recovery relies on the assignment agreement submitted to the Court. In any event, the Court finds that the Legal Brief is not entirely responsive to all topics raised in the Court's Order.

Because Grace Recovery has not fully complied with the Order, the Court hereby

ORDERS that the Application is DENIED without prejudice. If Grace Recovery wishes to pursue a claim to the unclaimed funds, it must be represented as required by L.B.R. 9010-1(e). The Court

FURTHER ORDERS that the hearing set for Tuesday, October 5, 2021, at 10:30 a.m., is VACATED.

DATED this 1st day of October, 2021.

BY THE COURT:

*Thomas B. McNamara*
Thomas B. McNamara,
United States Bankruptcy Judge